# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### Montgomery Division

2009 APR 20  A 10: 14

ANNIE HAMILTON,

        Plaintiff,

v.

DIRECTV, INC.,

PROGRESSIVE MANAGEMENT SYSTEMS,

EXPERIAN INFORMATION SOLUTIONS, INC.,

and

TRANS UNION LLC,

        Defendants.

DEBRA P. HACKET
U.S. DISTRICT CO
MIDDLE DISTRICT

Civil Action No.

2:09cv357-wha

**DEMAND FOR
JURY TRIAL**

## COMPLAINT

This action is being brought as the result of seven fictitious accounts which were set up by defendant DirecTV, Inc. in the name of the plaintiff, Annie Hamilton.  Ms. Hamilton does not know, and has not been able to learn, how these accounts came to be set up.  She discovered the existence of these accounts when she found a number of them on her credit reports in early 2008.  She notified defendants Experian and Trans Union that she disputed these accounts, and they were all deleted.  In May or June, 2008, based on information provided by defendants Progressive Management Systems and DirecTV, one of the fictitious DirecTV accounts appeared on her credit reports once again.  Ms. Hamilton again disputed this account with the credit reporting agencies.  In spite of this history, this time defendants Experian and Trans Union, relying on information provided by defendants Progressive Management Systems and DirecTV,

refused to delete the account from Ms. Hamilton's credit record.  It remained on her record despite her repeated efforts to get DirecTV, Progressive Management Systems, Experian and Trans Union to remove it.

Ms. Hamilton asserts claims

(a) against all defendants for a declaratory judgment that none of these accounts are hers (First Cause of Action);

(b) against all defendants for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 et seq. (Second, Third, Fourth and Fifth Causes of Action);

(c)  against defendant Progressive Management Systems for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq. (Sixth Cause of Action);

(d)  against defendants DirecTV and Progressive Management Systems under Alabama law for wanton misconduct (Seventh Cause of Action);

(e) against defendant DirecTV under Alabama law for negligence in the way it permitted these accounts to be created in the first place (Eighth Cause of Action);  and

(f)  against all defendants under Alabama law for defamation (Ninth Cause of Action);

Ms. Hamilton seeks to recover her actual damages under each of her Causes of Action other than the claim for a declaratory judgment.  For her claims under the FCRA and the FDCPA, she also seeks statutory damages and her costs and attorney's fees in this action. Finally, she seeks punitive damages under the FCRA and under her state law claims for defamation and wanton misconduct.

## Jurisdiction and Venue

1. This Court has jurisdiction to hear the plaintiff's claims under the Fair Credit

Reporting Act (FCRA) under 15 U.S.C. §1681p and 28 U.S.C. §1331.

2. This Court has jurisdiction to hear the plaintiff's claims under the Fair Debt Collection

Practices Act (FDCPA) under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. This Court is authorized to hear the plaintiff's claims for declaratory relief under the

Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

4. This Court has supplemental jurisdiction to hear the plaintiff's claims under the laws

of the State of Alabama for wanton misconduct, negligence and defamation.  28 U.S.C.

§1367(a).

5. Venue is proper in the Middle District of Alabama because "a substantial part of the

events or omissions giving rise to the claim occurred" in this district.  28 U.S.C. §1391(b).


**Parties**

6. The plaintiff, Annie Hamilton, is an adult resident of Lowndes County, Alabama,

which is located in the Middle District of Alabama.

7. Defendant DirecTV, Inc. is a California corporation with its principal place of

business located in El Segundo, California.  DirecTV is in the business of providing consumers

with access to satellite television service, among other things.

8. Defendant Progressive Management Systems is a company engaged in the business of

collecting unpaid debts, among other things.  Its principal place of business is located in West

Covina, California.

9. Defendant Experian Information Solutions, Inc., is an Ohio corporation with its

principal place of business located in Orange, California.  Experian collects and markets personal

credit information about individuals.  It is one of the three largest credit reporting agencies

operating in the United States.

10. Defendant Trans Union LLC, is a Delaware limited liability corporation. Its principal place of business located in Chicago, Illinois. Trans Union collects and markets personal credit information about individuals. Like Experian, it is one of the three largest credit reporting agencies operating in the United States.

## Statement of Facts

11. In January, 2008, the plaintiff, Annie Hamilton, obtained copies of her credit reports from defendants Experian and Trans Union. She intended to look for a new home, and she wanted to check her credit reports because she knew she would need to apply for a loan.

12. Ms. Hamilton's January 2008 Experian credit report showed several delinquent accounts, including four accounts in the name of NCO Financial Systems. Each of the NCO accounts listed was based on a different DirecTV account which was claimed to be past due.

13. Ms. Hamilton's January 2008 Trans Union credit report showed several accounts described as delinquent, including accounts from Nationwide Credit, Inc., NCO Financial Systems and from The CBE Group Inc. Each of these was based on a different DirecTV account which was claimed to be past due.

14. Ms. Hamilton had one account with DirecTV for satellite television service. She did not, however, have more than one account, and she was not delinquent on the account she had. This account was not listed on Ms. Hamilton's credit reports.

15. Ms. Hamilton sent disputes to defendants Experian and Trans Union advising them that she did not owe the listed DirecTV accounts and asking that they be removed from her credit records.

4

16. As a result of Ms. Hamilton's disputes, Experian reported to Ms. Hamilton that the challenged NCO accounts had been removed from her credit report.

17. As a result of Ms. Hamilton's disputes, Trans Union sent Ms. Hamilton information indicating that the challenged reports had been removed from her credit report.

18. Ms. Hamilton also contacted DirecTV to ask for information about the numerous DirecTV accounts which had appeared on her credit report. DirecTV wrote back on April 7, 2008, listing a total of seven different accounts which it stated had been set up in her name. DirecTV advised Ms. Hamilton that it was investigating this situation. It also advised her that "If the account has been assigned to a collection agency, the agency has been notified to temporarily cease collection activity, while the account is under investigation." The letter asked Ms. Hamilton for additional information so that DirecTV could look into this for possible identity theft. The letter stated that DirecTV would respond to Ms. Hamilton about these issues within 30 days.

19. Ms. Hamilton provided DirecTV with the information it requested regarding her identity.

20. Despite DirecTV's promise to respond about these issues within 30 days, it did not communicate further with Ms. Hamilton about this situation. Ms. Hamilton contacted DirecTV several times about this, but the April 7, 2008 letter was the last communication she received from DirecTV about this matter prior to early 2009.

21. In March, 2009, in response to a letter to DirecTV from Ms. Hamilton's counsel, DirecTV provided Ms. Hamilton with a copy of a letter about this which it stated had been mailed to her in May 2008. The letter stated that DirecTV had concluded that Ms. Hamilton was not responsible for the fictitious accounts. Prior to March 2009, Ms. Hamilton did not receive

and had no knowledge of this letter.

22.  Despite DirecTV's statement that it had notified its collection agency "to temporarily cease collection activity," Ms. Hamilton received a letter from defendant Progressive Management Systems ("PMS") dated April 21, 2008, advising her that she owed $1,020.58 for an unpaid DirecTV bill.  The letter was addressed to "Annie Williams" at Ms. Hamilton's address.

23.  The April 21, 2008 letter to Ms. Hamilton from PMS was the first communication she had received from PMS.

24.  The April 21, 2008 letter to Ms. Hamilton from PMS did not contain the disclosures concerning her right to dispute the claimed debt required by the Fair Debt Collection Practices Act, 15 U.S.C. §1692g(a).

25.  PMS never provided Ms. Hamilton with the §1692g(a) disclosures.

26.  Ms. Hamilton wrote back to PMS in response to its April 21, 2008 letter advising it that she did not owe this money and that her name was not and never had been "Annie Williams."

27.  Despite the fact that Ms. Hamilton advised PMS that she disputed the debt within 30 days of receiving the initial communication from them, PMS never mailed verification of the debt to Ms. Hamilton.  See 15 U.S.C. §1692g(b).

28.  Ms. Hamilton discovered in early June 2008 that another DirecTV account had been put on her Trans Union and Experian credit reports by defendant Progressive Management Systems (PMS).  This time, the amount stated as owed was $413.

29.  It was not possible for Ms. Hamilton to determine whether the account which appeared in early June 2008 was the same as one of the accounts which had been deleted or not.

30. The information appearing on these credit reports to the effect that Ms. Hamilton owed an unpaid sum to DirecTV was provided to both Experian and Trans Union by PMS acting in cooperation with DirecTV.

31. Ms. Hamilton did not in fact owe either DirecTV or PMS any sums based on any delinquent accounts with DirecTV.

32. Ms. Hamilton sent dispute letters concerning the June 2008 PMS report to Trans Union and Experian. She also notified PMS and DirecTV of the error.

33. Ms. Hamilton did not hear from PMS or DirecTV about this dispute. She was advised by both Experian and Trans Union that the account had been verified and would remain on her credit reports.

34. On information and belief, on receiving Ms. Hamilton's disputes, Experian and Trans Union notified PMS and/or DirecTV of the disputes. See 15 U.S.C. §1681i(a)(2).

35. On information and belief, when Experian and Trans Union notified PMS and/or DirecTV of Ms. Hamilton's disputes in the summer of 2008, they did not provide PSM and/or DirecTV with all the information they had relative to these disputes. See 15 U.S.C. §1681i(a)(2).

36. On information and belief, the disputed account was verified as true by PMS and DirecTV.

37. On information and belief, PMS failed to inform Experian that Ms. Hamilton disputed the debt to DirecTV. See 15 U.S.C. §1692e(8).

38. In the alternative, if PMS advised Experian that Ms. Hamilton was disputing this debt, then Experian failed to note that fact on Ms. Hamilton's credit report. See 15 U.S.C. §1681c(f).

39. The incorrect information about the DirecTV account which began to appear in early

7

June 2008 was disseminated by both Experian and Trans Union to many of their customers in the

months after they received Ms. Hamilton's dispute challenging this information.

40.   The actions of the defendants, as described above, have damaged Ms. Hamilton's

credit record and harmed her reputation, and they have made it more difficult for her to obtain

credit when needed.  The continuing false claim that Ms. Hamilton owed this debt and the failure

of the defendants to correct Ms. Hamilton's credit record despite Ms. Hamilton's repeated

attempts to get them to do so have also caused her to experience emotional distress, anger,

anxiety, frustration and a sense of helplessness over a period of many months.

### First Cause of Action:
### Declaratory Judgment

All of the allegations of fact set forth above are incorporated into this First Cause of

Action as if fully set forth herein.  The First Cause of Action is asserted against all defendants.

41.   As set forth above, each of the defendants has asserted in various ways that Ms.

Hamilton owes one or more debts to DirecTV which are overdue and unpaid.

42.   Contrary to the assertions of the defendants, Ms. Hamilton does not in fact owe any

debts to DirecTV or to any assignee of DirecTV.

43.   Despite repeated requests, neither DirecTV nor any of the other defendants have

provided Ms. Hamilton with any documents or other evidence demonstrating that she has any

responsibility for any of the accounts which have been listed in her name.

WHEREFORE, the plaintiff, Annie Hamilton asks this Court to grant her a declaratory

judgment declaring that she does not owe any sums to DirecTV or to any assignee of DirecTV

and enjoining the defendants and all others acting in concert with them from communicating to

any other person that she does owe such a debt and enjoining them further from taking any

action seeking to collect on any such debt.

## Second Cause of Action:
## Violation of the Fair Credit Reporting Act by Experian

All of the allegations of fact set forth above are incorporated into this Second Cause of

Action as if fully set forth herein. The Second Cause of Action is asserted against defendant

Experian Information Systems, Inc.

44. With regard to the DirecTV accounts described in this Complaint, plaintiff

Annie Hamilton was a "consumer" as that term is defined by the Fair Credit Reporting Act

(FCRA), 15 U.S.C. §1681a(c).

45. With regard to the events described in this Complaint, defendant Experian

Information Systems, Inc. was a "credit reporting agency" as that term is defined by the FCRA.

15 U.S.C. §1681a(f).

46. In its actions as described in this Complaint, Experian failed to "follow reasonable

procedures to assure maximum possible accuracy of the information" it disseminated concerning

Ms. Hamilton, in violation of the FCRA. 15 U.S.C. §1681e(b).

47. In its actions as described in this Complaint, Experian failed to conduct reasonable

investigations of the disputes submitted to it by Ms. Hamilton regarding the claimed DirecTV

accounts, in violation of the FCRA. 15 U.S.C. §1681i.

48. Experian failed to provide PMS and DirecTV with all relevant information relating

to Ms. Hamilton's disputes so that they could conduct a proper investigation. 15 U.S.C.

§1681i(a)(2).

49. Experian failed to indicate that Ms. Hamilton disputed the DirecTV debt reported by

PMS on its credit reports. 15 U.S.C. §1681c(f). See Paragraphs 37-38, above.

9

50. Experian's actions in violation of the FCRA as described above were willful.

51. In the alternative, Experian's actions in violation of the FCRA as described above were negligent.

52. Ms. Hamilton suffered actual damages as a result of Experian's actions in violation of the FCRA, in that those actions damaged Ms. Hamilton's credit record and made it more difficult for her to obtain credit when needed. In addition, Experian's failure to correct its records despite Ms. Hamilton's repeated attempts to get it to do so caused her to experience emotional distress, anger, anxiety, frustration and a sense of helplessness over a period of many months.

WHEREFORE, the plaintiff asks this Court for the entry of judgment against Experian for having willfully violated provisions of the FCRA in an amount sufficient to compensate her for her actual damages suffered as a result of those violations or $1,000, whichever is greater; such additional punitive damages as may be determined proper and appropriate by this Court; and her costs and attorney's fees in this action. 15 U.S.C. §1681n.

In the alternative, the plaintiff asks this Court for the entry of judgment against Experian for having negligently violated the provisions of the FCRA in an amount sufficient to compensate her for her actual damages suffered as a result of those violations and her costs and attorney's fees in this action. 15 U.S.C. §1681o.


### Third Cause of Action:
### Violation of the Fair Credit Reporting Act by Trans Union

All of the allegations of fact set forth above are incorporated into this Third Cause of Action as if fully set forth herein. The Third Cause of Action is asserted against defendant Trans Union LLC.

53. With regard to the DirecTV accounts described in this Complaint, plaintiff Annie Hamilton was a "consumer" as that term is defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681a(c).

54. With regard to the events described in this Complaint, defendant Trans Union LLC was a "credit reporting agency" as that term is defined by the FCRA. 15 U.S.C. §1681a(f).

55. In its actions as described in this Complaint, Trans Union failed to "follow reasonable procedures to assure maximum possible accuracy of the information" it disseminated concerning Ms. Hamilton, in violation of the FCRA. 15 U.S.C. §1681e(b).

56. In its actions as described in this Complaint, Trans Union failed to conduct reasonable investigations of the disputes submitted to it by Ms. Hamilton regarding the claimed DirecTV accounts, in violation of the FCRA. 15 U.S.C. §1681i.

57. Experian failed to provide PMS and DirecTV with all relevant information relating to Ms. Hamilton's disputes so that they could conduct a proper investigation. 15 U.S.C. §1681i(a)(2).

58. Trans Union's actions in violation of the FCRA as described above were willful.

59. In the alternative, Trans Union's actions in violation of the FCRA as described above were negligent.

60. Ms. Hamilton suffered actual damages as a result of Trans Union's actions in violation of the FCRA, in that those actions damaged Ms. Hamilton's credit record and made it more difficult for her to obtain credit when needed. In addition, Trans Union's failure to correct its records despite Ms. Hamilton's repeated attempts to get it to do so have caused her to experience emotional distress, anger, anxiety, frustration and a sense of helplessness over a period of many months.

WHEREFORE, the plaintiff asks this Court for the entry of judgment against Trans Union for having willfully violated provisions of the FCRA in an amount sufficient to compensate her for her actual damages suffered as a result of those violations or $1,000, whichever is greater;   such additional punitive damages as may be determined proper and appropriate by this Court;   and her costs and attorney's fees in this action.  15 U.S.C. §1681n.

In the alternative, the plaintiff asks this Court for the entry of judgment against Trans Union for having negligently violated the provisions of the FCRA in an amount sufficient to compensate her for her actual damages suffered as a result of those violations and her costs and attorney's fees in this action.  15 U.S.C. §1681o.


### Fourth Cause of Action:
### Violation of the Fair Credit Reporting Act by Progressive Management Systems

All of the allegations of fact set forth above are incorporated into this Fourth Cause of Action as if fully set forth herein.  The Fourth Cause of Action is asserted against defendant Progressive Management Systems (PMS).

61.  With regard to the DirecTV accounts described in this Complaint, plaintiff Annie Hamilton was a "consumer" as that term is defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681a(c).

62.  With regard to the events described in this Complaint, defendants Experian Information Systems, Inc. and Trans Union LLC were "credit reporting agencies" under the provisions of the FCRA.  15 U.S.C. §1681a(f).

63.  With regard to the events described in this Complaint, defendant Progressive Management Systems was a "furnisher" of information as that term is used in the FCRA.  See 15 U.S.C. §1692s-2.

64. After having been advised by Experian and Trans Union that Ms. Hamilton disputed the incorrect information it provided to these credit reporting agencies about her alleged debt to DirecTV, PMS failed to conduct a reasonable investigation to determine whether Ms. Hamilton actually owed those debts or not. 15 U.S.C. §1681s-2(b).

65. As a result of its failure to conduct a reasonable investigation of these disputes, PMS reported incorrectly to both Experian and Trans Union that Ms. Hamilton owed money on a DirecTV account when in fact she did not.

66. PMS's actions in violation of the FCRA, as described above, were willful.

67. In the alternative, PMS's actions in violation of the FCRA, as described above, were negligent.

68. The failure of PMS to conduct an appropriate investigation of Ms. Hamilton's dispute of the DirecTV debt damaged Ms. Hamilton's credit record and made it more difficult for her to obtain credit when needed. PMS's failure to correct Ms. Hamilton's credit record despite Ms. Hamilton's repeated attempts to get it to do so have also caused her to experience emotional distress, anger, anxiety, frustration and a sense of helplessness over a period of many months.

WHEREFORE, the plaintiff, Annie Hamilton, asks this Court for the entry of judgment against Progressive Management Systems, for having willfully violated the provisions of the FCRA, in an amount sufficient to compensate her for her actual damages suffered as a result of those violations or $1,000, whichever is greater; such additional punitive damages as may be determined proper and appropriate by this Court; and her costs and attorney's fees in this action. 15 U.S.C. §1681n.

In the alternative, the plaintiff, Annie Hamilton, asks this Court for the entry of judgment

against Progressive Management Systems, for having negligently violated the provisions of the

FCRA, in an amount sufficient to compensate her for her actual damages suffered as a result of

those violations and her costs and attorney's fees in this action. 15 U.S.C. §1681o.


**Fifth Cause of Action:**
**Violation of the Fair Credit Reporting Act by DirecTV, Inc.**

All of the allegations of fact set forth above are incorporated into this Fifth Cause of

Action as if fully set forth herein.  The Fifth Cause of Action is asserted against defendant

DirecTV, Inc.

69.  With regard to the DirecTV accounts described in this Complaint, plaintiff

Annie Hamilton was a "consumer" as that term is defined by the Fair Credit Reporting Act

(FCRA), 15 U.S.C. §1681a(c).

70.  With regard to the events described in this Complaint, defendants Experian

Information Systems, Inc. and Trans Union LLC were "credit reporting agencies" as that term is

used by the FCRA.  15 U.S.C. §1681a(f).

71.  With regard to the events described in this Complaint, defendant Progressive

Management Systems (PMS) was a "furnisher" of information as that term is used in the FCRA.

See 15 U.S.C. §1692s-2.  In its actions as a furnisher, PMS acted as the agent of defendant

DirecTV, Inc., or, in the alternative, PMS and DirecTV, Inc., acted together in concert for the

purpose of furnishing information to credit reporting agencies about Ms. Hamilton.  DirecTV

was, therefore, also a "furnisher" of information as that term is used in the FCRA.  See 15 U.S.C.

§1692s-2.

72.  After having been advised by Experian and Trans Union that Ms. Hamilton disputed

the incorrect information in her credit reports about the accounts DirecTV claimed Ms. Hamilton

had set up and on which it claimed she owed money, DirecTV failed to conduct a reasonable

investigation to determine whether Ms. Hamilton actually owed those debts or not.  15 U.S.C.

§1681s-2(b).

73.  As a result of its failure to conduct a reasonable investigation of these disputes,

DirecTV permitted PMS to report incorrectly to both Experian and Trans Union that Ms.

Hamilton owed money on a DirecTV account when in fact she did not.

74.  DirecTV's actions in violation of the FCRA, as described above, were willful.

75.  In the alternative, DirecTV's actions in violation of the FCRA, as described above,

were negligent.  See 15 U.S.C. §1681o.

76.  The failure of DirecTV to conduct an appropriate investigation of Ms. Hamilton's

dispute of the DirecTV debt damaged Ms. Hamilton's credit record and made it more difficult

for her to obtain credit when needed.  DirecTV's failure to correct Ms. Hamilton's credit record

despite Ms. Hamilton's repeated attempts to get it to do so have also caused her to experience

emotional distress, anger, anxiety, frustration and a sense of helplessness over a period of many

months.

WHEREFORE, the plaintiff, Annie Hamilton, asks this Court for the entry of judgment

against DirecTV, Inc., for having willfully violated the provisions of the FCRA, in an amount

sufficient to compensate her for her actual damages suffered as a result of those violations or

$1,000, whichever is greater;  such additional punitive damages as may be determined proper

and appropriate by this Court;  and her costs and attorney's fees in this action.  15 U.S.C.

§1681n.

In the alternative, the plaintiff, Annie Hamilton, asks this Court for the entry of judgment

against DirecTV, Inc., for having negligently violated the provisions of the FCRA, in an amount

sufficient to compensate her for her actual damages suffered as a result of those violations and her costs and attorney's fees in this action. 15 U.S.C. §1681o.

**Sixth Cause of Action:**
**Violations of the Fair Debt Collection Practices Act**
**by Progressive Management Systems**

All of the allegations of fact set forth above are incorporated into this Sixth Cause of Action as if fully set forth herein.  The Sixth Cause of Action is asserted against defendant Progressive Management Systems (PMS).

77.  With regard to the collection of the DirecTV debt, as described in this Complaint, plaintiff Annie Hamilton was a "consumer" within the meaning of the Fair Debt Collection Practices Act (FDCPA).  15 U.S.C. §1692a(3).

78.  In its actions to collect this debt from Ms. Hamilton, as described above, defendant Progressive Management Systems was a "debt collector" within the meaning of the FDCPA.  15 U.S.C. §1692a(6).

79. In its efforts to collect the DirecTV debt from Ms. Hamilton, as described in this Complaint, PMS violated the provisions of the Fair Debt Collection Practices Act in numerous ways, including the following:

(a)  failure to provide the information required by §1692g(a) within 5 days of the initial communication, in violation of that section;

(b)  taking action to collect a debt after receiving a written dispute from the consumer without having first mailed to the consumer a verification of the debt, in violation of §1692g(b);

(c)  misrepresenting the amount owed, in violation of §§1692e(2)(a), 1692e(10) and 1692f;

(d) misrepresenting the legal status of a debt, including making a claim that a debt was owed when it was not in fact owed, in violation of §1692e(2)(a) and §1692e(10);

(e) failure to report to a credit reporting agency that a debt was disputed, in violation of §1692e(8); and

(f) making false, deceptive or misleading representations in connection with the collection of a debt, in violation of §1692e.

It is possible that PMS committed other acts in violation of the FDCPA, and the plaintiff reserves the right to add other violations to this list as additional information becomes available during the course of discovery in this action.

80. The actions of PMS as described above damaged Ms. Hamilton's credit record and made it more difficult for her to obtain credit when needed. PMS's failure to correct Ms. Hamilton's credit record despite Ms. Hamilton's repeated attempts to get it to do so also caused her to experience emotional distress, anger, anxiety, frustration and a sense of helplessness over a period of many months.

WHEREFORE, the plaintiff, Annie Hamilton, asks this Court to grant her a judgment against defendant Progressive Management Systems because of its violations of the provisions of the FDCPA for her actual damages, for statutory damages of $1,000, and for her costs and attorney's fees in this action. 15 U.S.C. §1692k(a).

### Seventh Cause of Action:
### Wanton Misconduct

All of the allegations of fact set forth above are incorporated into this Seventh Cause of Action as if fully set forth herein.  The Seventh Cause of Action is asserted against DirecTV and Progressive Management Systems (PMS).

81.  By their actions seeking to collect money from Ms. Hamilton which they knew or should have known she did not owe, as described in this Complaint, DirecTV and PMS engaged in conduct with a knowing or reckless disregard for Ms. Hamilton's rights.

82.  The actions of DirecTV and PMS as described above damaged Ms. Hamilton's credit record and made it more difficult for her to obtain credit when needed.  DirecTV's and PMS's claims that Ms. Hamilton owed money to DirecTV and their failure to correct Ms. Hamilton's credit record despite her repeated attempts to get them to do so also caused her to experience emotional distress, anger, anxiety, frustration and a sense of helplessness over a period of many months.

WHEREFORE, the plaintiff, Annie Hamilton, asks this Court for the entry of judgment against defendants DirecTV, Inc. and Progressive Management Systems for wanton misconduct, in an amount sufficient to compensate her for her actual damages suffered as a result of their actions.  In addition, the plaintiff asks this Court for the entry of a judgment against DirecTV, Inc. and Progressive Management Systems for such additional punitive damages as may be determined proper and appropriate by this Court.

### Eighth Cause of Action:
### Negligence

All of the allegations of fact set forth above are incorporated into this Eighth Cause of

Action as if fully set forth herein. The Eighth Cause of Action is asserted against defendant DirecTV, Inc.

83. DirecTV had a duty to Ms. Hamilton to put into place reasonable procedures to assure that accounts were not set up in Ms. Hamilton's name by imposters.

84. DirecTV breached this duty which it owed to Ms. Hamilton.

85. As a result of DirecTV's failure to meet its duty to Ms. Hamilton, one or more imposters set up at least seven separate DirecTV accounts in Ms. Hamilton's name.

86. The accounts referred to in the previous paragraph were set up without Ms. Hamilton's knowledge, approval or authority.

87. As a result of the false accounts which were set up in Ms. Hamilton's name, and the actions taken by DirecTV to collect money claimed as due under those accounts, Ms. Hamilton's credit record was damaged and it became more difficult for her to obtain credit when needed. In addition, she had to deal with claims submitted to her by defendant PMS to pay money to DirecTV which she did not owe and spend time and energy attempting to deal with PMS's failure to correct her credit record despite her repeated attempts to get it to do so. This also caused her to experience emotional distress, anger, anxiety, frustration and a sense of helplessness over a period of many months.

88. The damages suffered by Ms. Hamilton, as described above and in this Complaint, were foreseeable by DirecTV if it failed to take reasonable steps to prevent imposters from setting up DirecTV accounts in Ms. Hamilton's name.

WHEREFORE, the plaintiff, Annie Hamilton, asks this Court for the entry of judgment against defendant DirecTV, Inc., for negligence, in an amount sufficient to compensate her for her damages suffered as a result of its actions as alleged in this Eighth Cause of Action.

## Ninth Cause of Action:
### Defamation

All of the allegations of fact set forth above are incorporated into this Ninth Cause of Action as if fully set forth herein. The Ninth Cause of Action is asserted against all defendants.

89. As described above, the defendants have, directly and through their agents, repeatedly made statements to the effect that Ms. Hamilton owed a debt to DirecTV and that she was delinquent on that debt.

90. The statements described in the preceding paragraph (hereafter, "the statements") were published to third parties.

91. The statements were not true.

92. At the time they made the statements, the defendants knew they were not true or acted with reckless disregard for whether they were true or not.

93. In making the statements, the defendants acted with malice.

94. The statements were of a kind to cause damage to the plaintiff's good name and reputation and were defamatory.

95. As a result of the defendants' having made the statements, the plaintiff was forced to spend time and effort to restore her good name.

96. As a result of the defendants' having made the statements, and of the manner in which they were made, the plaintiff suffered emotional distress, including feelings of fear, anger, shame, frustration, powerlessness and mental anguish.

97. The defendants are liable to the plaintiff in an amount sufficient to fully and fairly compensate her for her damages suffered as a result of their having made the statements.

98. In addition, the defendants failed to retract the statements despite having been repeatedly asked to do so by Ms. Hamilton.

99.  In addition to compensatory damages, the defendants are liable to the plaintiff in an appropriate amount for punitive damages.

WHEREFORE, the plaintiff, Annie Hamilton, asks this Court for the entry of judgment against each of the defendants named in this action for defamation, in an amount sufficient to compensate her for her actual damages suffered as a result of their actions.  In addition, the plaintiff asks this Court for the entry of a judgment against each of the defendants for such additional punitive damages as may be determined proper and appropriate by this Court.

### Jury Trial Demanded

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the plaintiff hereby demands a jury trial of the issues in this action.

### Prayer for Relief

WHEREFORE, the plaintiff, Annie Hamilton, by counsel, hereby asks this Court to grant her the relief stated at the conclusion of each of her Causes of Action, set forth above.  In addition, the plaintiff asks this Court to grant her such other and further relief as to this Court shall seem just and proper.

Respectfully submitted,

ANNIE HAMILTON
Plaintiff
By Counsel

21

Edward M. Wayland, Esq.
AOC # WAY004
P.O. Box 42559
Atlanta, GA  30311
(404) 254-1881
(404) 393-2400 (fax)
e-mail:  edwayland@yahoo.com

Counsel for Plaintiff