IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANNIE HAMILTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09cv357-WHA |
| ) | |
| DIRECTV, INC, *et al.*, ) | |
| ) | (WO) |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This case is before the court on Defendant Trans Union LLC's Motion for Partial Dismissal (Doc. #12) filed on May 21, 2009.  On June 11, 2009, Defendants Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, Inc. ("Equifax") joined in the Motion for Partial Dismissal (Doc. # 24).  The court ordered the Plaintiff, Annie Hamilton ("Hamilton"), to show cause why the motion should not be granted (Doc. # 15, 26).  Hamilton filed her response on June 18, 2009 (Doc. # 37).

In her Complaint, Hamilton asserts claims against Trans Union, Experian, and Equifax (collectively, the "Consumer Reporting Agencies" or "CRAs") for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, and defamation.[1]  Hamilton seeks equitable relief, requesting that she be granted "a declaratory judgment declaring that she does not owe any

---

[1] Hamilton also names DirecTV, Inc. ("DirecTV"), and Progressive Management Systems ("Progressive") as defendants.  She alleges that they violated the Fair Debt Collection Practices Act ("FDCP"), 15 U.S.C. §§ 1681, *et seq.*, and asserts claims for wanton misconduct, and negligence.  DirecTV and Progressive are also included in Hamilton's claims for violation of the FCRA, and for defamation.  DirecTV and Progressive have not moved for dismissal.

sums to DirecTV and enjoining the defendants and all others acting in concert with them from communicating to any other person that she does owe such a debt and enjoining them further from taking any action seeking to collect on any such debt." Compl. at p. 8.

The court, having considered the briefs filed by the parties, finds the Motion for Partial Dismissal is due to be granted.

## II.  MOTION TO DISMISS STANDARD

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 569. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

## III.  FACTS

The allegations of the Plaintiff's Amended Complaint are as follows:

In early 2008, after reviewing a copy of her consumer report, Hamilton discovered that seven fictitious accounts had been set up in her name by DirecTV. Hamilton notified the CRAs and indicated that she disputed the accounts, and the accounts were deleted. In April of 2008, one of the accounts reappeared on her consumer report as a result of information provided to the CRAs by Progressive and DirecTV. Hamilton once again contacted the CRAs and indicated that

she disputed the account. The CRAs, however, based on the information provided to them by Progressive and DirecTV, refused to delete the account. In July, Equifax agreed to delete the account, but an unknown time later reinserted the record into her credit record.

## IV.   DISCUSSION

The Consumer Reporting Agencies argue that Hamilton's request for equitable relief should be dismissed because such relief is not available to private individuals under the FCRA. The CRAs also argue that injunctive relief is not available under state common law because the FCRA preempts state law to the extent that those laws are inconsistent with the FCRA, citing authority from the Eastern District of Texas, *Poulson v. Trans Union, LLC*, 370 F. Supp. 2.d 592, 593 (E.D. Tex. 2005).

District courts in the Eleventh Circuit have consistently held that equitable relief is not available to private citizens under the FCRA. *See, e.g., Jones v. Sonic Automotive*, Inc., 391 F. Supp. 2d 1064, 1065 (M.D. 2005) (Fuller, C.J.). In so holding, courts have noted that the sections that grant private rights of action for willful and negligent noncompliance with the FCRA list types of relief available to individuals, and that the list does not include equitable relief. *See Id*.;15 U.S.C. §§ 1681n, 1681o. In contrast, § 1681s(a), which discusses remedies available to the Federal Trade Commission and other agencies, specifically grants the FTC the right to seek injunctions for violations of the FCRA. *Jones*, 391 F. Supp. 2d at 1065. From this the courts have concluded that the exclusion of equitable remedies was purposeful, and that Congress intended the power to obtain injunctive relief to lie exclusively with the FTC. *Id*.; *Washington v. CSC Credit Services, Inc.*, 199 F.3d 662, 668-69 (5th Cir. 2000).

Hamilton does not dispute that equitable relief is not available to private litigants under

the FCRA, and argues instead that she is entitled to declaratory and injunctive relief based on her state law defamation claim. In support, she cites 15 U.S.C. § 1681h(e), which states:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

Hamilton contends that her request for declaratory and injunctive relief is not preempted by the FCRA because she has properly alleged that the CRAs acted knowingly and with malice in disclosing false information, and that, therefore, her claim for defamation and her requested relief is expressly permitted by § 1681h(e).

The court does not agree that § 1681h(e) supports Hamilton's request for equitable relief. Assuming without deciding that § 1681h(e) applies in this case, and that Hamilton's defamation claim is not preempted by the FCRA, § 1681h(e) does not address whether a plaintiff is entitled to use the state law claim as a basis for a request for remedies that are not available under the FCRA. *See Smith v. Equifax Info. Services, LLC*, 522 F. Supp. 2d 822, 825-26 (E.D. Tex. 2007) ("[Section 1681h(e)] is irrelevant for the purpose of deciding whether a private litigant is precluded from this particular remedy that is injunctive relief"). Stated another way, even assuming Hamilton may assert a cause of action for defamation against the CRAs, it does not mean that she is entitled to seek injunctive and declaratory relief under the state law claim.

Because the court finds that § 1681h(e) does not entitle Hamilton to her request for

declaratory and injunctive relief, the court turns to other provisions of the FCRA to determine whether the FCRA preempts Hamilton's request for equitable remedies. Section 1681t(a) states:

> "except as provided in subsections (b) and (c) of this section, this subchapter does not annul, alter, affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to the collection, distribution, or use of any information on consumers, or for the prevention or mitigation of identity theft, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency."

The FCRA preempts state law to the extent that the state law is inconsistent with the FCRA. *Id.* Because the FCRA vests the FTC exclusively with the right to seek injunctive relief, the court finds that a state law claim that grants a private litigant access to equitable relief would frustrate and conflict with the FCRA. As another court in this district has recognized, the FCRA authorizes district courts to enforce "liability" under the act, not to ensure "compliance," which, according to the FCRA, is to be enforced by the FTC. *Jones*, 391 F. Supp. 2d at 1066. "Allowing individuals to [seek injunctive relief] would undermine the discretion vested in the FTC." *Id*. (citing *Mangio v. Equifax, Inc.*, 887 F. Supp. 283, 285 (S.D. Fla. 1995)). Accordingly, the court finds that Hamilton's request for injunctive relief under state law is inconsistent with the FCRA, and, therefore, preempted under § 1681h(e) of the FCRA.

Hamilton also asks that should the court conclude that injunction relief is not available in this case, that the court not dismiss her request for declaratory relief. The court does not find any basis for distinguishing between two remedies that are both unavailable to private litigants under the FCRA. *See McDonald v. Equifax, Inc.*, No. 3:08cv0547-B, 2008 WL 5156690, *2 (N.D. Tex. Dec. 8, 2008) (holding that private litigants are limited to remedies provided them in §§

5

1681n & o, which include only "statutory, actual, and punitive damages" and that "declaratory judgment is not a remedy available to private litigants under the FCRA").  Therefore, the court finds the Motion for Partial Dismissal is due to be granted as to both Hamilton's request for declaratory relief, and her request for injunctive relief.

## IV.   CONCLUSION

For the reasons discussed above, it is hereby ORDERED that the Motion for Partial Dismissal (Doc. # 12, 24) is GRANTED, and the request for injunctive and declaratory relief against Trans Union LLC, Experian Information Solutions, Inc., and Equifax Information Services are DISMISSED.

Done this 14th day of August, 2009.

                                            /s/ W. Harold Albritton  
                                            W. HAROLD ALBRITTON  
                                            SENIOR UNITED STATES DISTRICT JUDGE